Alan J. Baratz, Esq.
Attorney I.D. No: 031451982
**WEINER LESNIAK LLP**
629 Parsippany Road
P.O. Box 438
Parsippany, New Jersey 07054-0438
Phone:  (973) 403-1100     Fax: (973) 403-0010
Attorneys for defendants, Township of Bloomfield, Police Chief Chris Goul and
Captain Gle Wiegand
827479v1  87842 notice of removal to us district court ajb 8-21-14

| | |
|---|---|
| MARCUS JETER,<br><br>                    Plaintiff<br><br>v.<br><br>TOWNSHIP OF BLOOMFIELD,<br>BLOOMFIELD POLICE DEPARTMENT,<br>ORLANDO TRINIDAD, in his individual and<br>official capacity, SEAN COURTER, in his<br>individual and official capacity, ALBERT<br>SUTTERLIN, in his individual and official<br>capacity, THOMAS ICOLARI, in his<br>individual and official capacity, DEVIA<br>LOPEZ in her individual and official capacity,<br>LT. SEAN SCHWINDT, in his individual and<br>official capacity, SGT. JOHN SERCHIO, in<br>his individual and official capacity, LT.<br>MICHAEL COFONE, in his individual and<br>official capacity, CHIEF CHRIS GOUL, in his<br>individual and official capacity, CAPT. GLEN<br>WIEGAND, in his individual and official<br>capacity, JOHN DOE POLICE OFFICERS 1-<br>20, in their and official capacity, (names being<br>fictitious) JOHN DOE CHIEFS and<br>SUPERVISORS 21-40, in their individual and<br>official capacity, JOHN DOE<br>PROSECUTORS, in their individual and<br>official capacity (names being fictitious),<br>JANE DOES 40-60, in their individual and<br>official capacity (names being fictitious), XYZ<br>PUBLIC ENTITY,<br>COMPANY/CORPORATION 1-10 (names<br>being fictitious) and PROGRESSIVE<br>INSURANCE COMPANY,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br>DOCKET NO: ESX-L-4088-14<br><br>Civil Action<br><br>**NOTICE OF REMOVAL<br>TO UNITED STATES<br>DISTRICT COURT** |

WEINER
LESNIAK
LLP

Attorneys at Law

629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

**PLEASE TAKE NOTICE** that defendants, Township of Bloomfield, Police Chief Chris Goul and Captain Glen Wiegand, hereby file Notice of Removal of the above-captioned matter to the United States District Court for the District of New Jersey, Newark Division, from the Essex County Superior Court, Law Division, where the action is now pending, pursuant to 28 U.S.C.§1446 and states:

1.      The Township of Bloomfield, Police Chief Chris Goul and Captain Glen Weigand are named as defendants in the above-captioned matter.

2.      This civil action was commenced in the Essex County Superior Court, Law Division and an Amended Complaint was filed as recently as June 24, 2014 under Docket No. ESX-L-4088-14.

3.      All of the following support the propriety of the action being removed to the United States District Court and proceeding in the United States District Court:

a.      In the first eight counts of the Amended Complaint plaintiff asserts violations of the 14th Amendment to the United States Constitution, including causes of action brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985;

b.      United States District Court has original jurisdiction under the provisions of 28 U.S.C. §1331, because plaintiffs' claims raise issues under federal law;

c.      ~~28 U.S.C. §1441 permits removal by defendants to the United States District Court.~~

4.      As the Township of Bloomfield, Chief Goul and Captain Weigand were served with process as recently as August 15, 2015, thirty (30) days has not elapsed since process was served on the defendants, who now seek removal of the action to United States District Court.

*WEINER*
*LESNIAK*
*LLP*

*Attorneys at Law*

629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

5. Copies of all process and pleadings served on the Township of Bloomfield, Police Chief Chris Goul and Captain Glen Weigand are attached to the within Notice of Removal in accordance with 28 U.S.C. §1446.

6. Concurrent with the filing of the within Notice of Removal, defendants are providing written notice to all parties and to the Clerk of the Superior Court of New Jersey, Law Division, Essex County pursuant to 28 U.S.C. §1446.

**WHEREFORE**, defendants, the Township of Bloomfield, Police Chief Chris Goul and Captain Glen Weigand request that the subject action be removed to the United States District Court, and proceed in the United States District Court.

Respectfully submitted,

WEINER LESNIAK LLP
Attorneys for defendants,
Township of Bloomfield, Police
Chief Chris Goul and Captain
Glen Weigand

By: _____
Alan J. Baratz
A Member of the Firm

Dated: August 21, 2014

*WEINER*
*LESNIAK*
*LLP*

*Attorneys at Law*

629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100



*HINSON SNIPES, LLP*
Princeton Forrestal Village
116 Village Boulevard, Suite 307
Princeton, New Jersey 08540
By: Tracey C. Hinson, Esquire
Attorney ID#: 034542002
(609) 452-7333 - Fax (609) 452-7332
Attorney for Plaintiff Marcus Jeter

---

MARCUS JETER,

              Plaintiff,

vs.

TOWNSHIP OF BLOOMFIELD, BLOOMFIELD
POLICE DEPARTMENT, ORLANDO
TRINIDAD, in his Individual and
Official capacity, SEAN COURTER,
in his Individual and Official
capacity, ALBERT SUTTERLIN, in his
Individual and Official capacity,
THOMAS ICOLARI, in his Individual
and Official capacity, DEVIA LOPEZ
in her Individual and Official
capacity, LT. SEAN SCHWINDT, in
his Individual and Official
capacity, SGT. JOHN SERCHIO, in
his Individual and Official
capacity, LT. MICHAEL COFONE, in
his Individual and Official
capacity, CHIEF CHRIS GOUL, in his
Individual and Official capacity
capacity, CAPT. GLEN WIEGAND, in
his Individual and Official
capacity, JOHN DOE POLICE OFFICERS
1-20, in their and Official
capacity, (names being fictitious)
JOHN DOE CHIEFS and SUPERVISORS
21-40, in their Individual and
Official capacity (Names being
fictitious), JOHN DOE PROSECUTORS,
in their Individual and Official
capacity (Names being fictitious),
JANE DOES 40-60, in their
Individual and Official capacity
(names being fictitious) XYZ
PUBLIC ENTITY, COMPANY/CORPORATION
1-10 (names being fictitious) and
PROGRESSIVE INSURANCE COMPANY,

              Defendants.

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION - ESSEX COUNTY
: DOCKET NO. ESX-L-4088-14
:
:      Civil Action
:
:
: **AMENDED COMPLAINT AND JURY**
:        **DEMAND**

Page 1 of 44

Plaintiff, **MARCUS JETER ("MR. JETER" or PLAINTIFF")**, residing at 91 Passaic Avenue, in the City of Bloomfield, County of Essex and State of New Jersey, by way of complaint against Defendants says:

### PRELIMINARY STATEMENT

1.    On June 7, 2012, at approximately 11:00 p.m., **MR. JETER** got into a heated argument with his girlfriend Tanisha Killian at their home. Defendants **SEAN COURTER ("COURTER")** and **ALBERT SUTTERLIN ("SUTTERLIN")**, members of Defendant **BLOOMFIELD POLICE DEPARTMENT**, responded to the home. Neither **MR. JETER** nor Ms. Killian was arrested and **MR. JETER** left their home after speaking to Defendant **COURTER** who made no attempt to stop him from leaving.

2.    · **MR. JETER** was traveling southbound on the Garden State Parkway in the City of Bloomfield, New Jersey when he noticed flashing lights and two police cruisers behind him. Believing he was being pulled over, **MR. JETER** brought his vehicle to a complete stop, turned off the ignition and rolled his driver and passenger side windows down. Defendants **COURTER** and **SUTTERLIN** had followed his vehicle after he left his home. However, **COURTIER** and **SUTTERLIN** made no attempt to pull **MR. JETER** over prior to when **MR. JETER** noticed the flashing lights behind him. Dash-cam video of the incident clearly shows **MR. JETER** pulling over and stopping on the highway.

3.    Upon stopping, Defendants **COURTER** and **SUTTERLIN**, exited their vehicles and ran toward **MR. JETER'S** vehicle with their guns drawn. Pointing their guns at him, they yelled at him to get out of the car. Shocked, confused and in fear for his life, **MR. JETER** immediately threw his hands into the air and repeatedly stated that he had done nothing wrong. A second dash-cam video shows another squad car, operated by Defendant **ORLANDO TRINIDAD** ("**TRINIDAD**"), drive across the median into oncoming traffic and violently slammed into the front of **MR. JETER'S** vehicle while **MR. JETER** was still in the vehicle parked on the side of the highway. The force of the impact caused **MR. JETER** to hit his head on the steering wheel. Defendant **COURTER** then smashed the driver's side window of **MR. JETER'S** vehicle with his baton shattering glass all over **MR. JETER**. Defendant **COURTER** then unlocked the door and punched **MR. JETER** in the face.

4.    **MR. JETER'S** hands remained in the air as Defendant **COURTER** attempted to remove his seatbelt while punching him repeatedly in his face. Upon information and belief, Defendant **COURTER** can be heard on the dash-cam video yelling "stop trying to take my gun, stop resisting arrest." At this time, the dash-cam video shows **MR. JETER** with his hands in the air. Defendants **COURTER**, **SUTTERLIN** and **TRINIDAD** then violently dragged **MR. JETER** from his vehicle and slammed him to the ground where they continued to physically assault him as **MR. JETER** pleaded with the officers that he was not resisting and had done nothing wrong.

Page 3 of  44

5.   The unlawful stop and physical assault of **MR. JETER** was unprovoked, unlawful and unjustified. Dash-cam video shows **MR. JETER** with his hands up, not resisting, as Defendants continued hitting him and shouting "stop resisting." One officer can be heard yelling "stop reaching for my gun, get your hands off my gun, he has my gun." All this while **MR. JETER** had his hands in the air and while he was handcuffed on the ground.

6.   The beating and use of excessive force used on **MR. JETER** by the officers and the subsequent cover up of the incident by Defendant **TOWNSHIP OF BLOOMFIELD** and the Defendant **BLOOMFIELD POLICE DEPARTMENT,** including but not limited to the concealment of a second dash-cam video, was not an isolated or aberrational incident. It was the direct result of systemic deficiencies in the training, supervision and discipline of Bloomfield Police Officers, including the individual named Defendants, that began long before the physical assault of **MR. JETER** and continue to this day.

7.   Upon information and belief, Defendant **TOWNSHIP OF BLOOMFIELD** acting through its Police Department, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice and/or custom of unlawfully arresting individuals, without reasonable suspicion or probable cause, and the use of excessive force and malicious prosecution of innocents persons.

8.   **MR. JETER** was arrested and charged with eluding, attempt to disarm a police officer, aggravated assault and resisting arrest. **MR. JETER** was maliciously prosecuted and faced five years

in prison until the second dash-cam video surfaced which contradicted Defendants **COURTER, SUTTERLIN** and **TRINIDAD** version of the events that transpired and completely exonerated **MR. JETER**. No mention of the third squad car or the second dash-cam video was made in any of the official reports of the incident prepared by Defendants. Nor was the videotape turned over to Prosecutors as Defendants pursued their relentless prosecution of **MR. JETER**. Defendants collectively engaged in a massive coverup of the true nature of the incident and deliberately withheld the crucial dash-cam video from Prosecutors and **MR. JETER'S** criminal defense lawyer. Once the dash-cam video surfaced, all charges against **MR. JETER** were dismissed.

9.    This Complaint, arising from these tragic, egregious, outrageous and unlawful acts, seeks compensatory and punitive damages and other relief pursuant to applicable state and federal civil rights law, specifically for the violation of **MR. JETER'S** rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of <u>U.S.C.</u> § 1983 and § 1988. Claims on behalf of **MR. JETER** is also brought pursuant to <u>N.J.S.A.</u> 59:8-1 et seq., among other common law and statutory rights. **MR. JETER** seeks to vindicate his right to be free of unlawful search, seizure, arrest, malicious prosecution and use of illegal and excessive force by Defendants.

## THE PARTIES

10.    Plaintiff **MARCUS JETER**, is an African American male and

a citizen of the United States. He was and is, at all times relevant hereto, a resident of the State of New Jersey, Essex County.

11. Defendant **TOWNSHIP OF BLOOMFIELD** (**"TOWNSHIP OF BLOOMFIELD"** or **"TOWNSHIP"**), is a municipal corporation duly incorporated and authorized under the laws of the State of New Jersey. The **TOWNSHIP** is authorized under the laws of the State of New Jersey to maintain a police department, the **BLOOMFIELD POLICE DEPARTMENT**, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The **TOWNSHIP** assumes the risks incidental to the maintenance of its police force and the employment of its police officers.

12. Defendant **TOWNSHIP OF BLOOMFIELD** was, at all times relevant, responsible for policy making and the hiring, supervision, training, control and retention of the individually named Defendants.

13. Defendant **TRINIDAD**, is and was, at all times relevant, an officer, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**. He is sued in his individual and official capacity.

14. Defendant **COURTER**, is and was, at all times relevant, an officer, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**. He is sued in his individual and official capacity.

15. Defendant **SUTTERLIN**, is and was, at all times

relevant, an officer, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**. He is sued in his individual and official capacity.

16.   Defendant **THOMAS ICOLARI ("ICOLARLI")**, is and was, at all times relevant, an officer, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**. He is sued in his individual and official capacity.

17.   Defendant **DEVIA LOPEZ ("LOPEZ")**, is and was, at all times relevant, an officer, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**. She is sued in her individual and official capacity.

18.   Defendant **LIEUTENANT SEAN SCHWINDT ("SCHWINDT")** is and was, at all times relevant, a Lieutenant, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**. He is sued in his individual and official capacity.

19.   Defendant **SERGEANT JOHN SERCHIO ("SERCHIO")**, is and was, at all times relevant, a Sergeant, officer, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**, assigned to the Internal Affairs Division. He is sued in his individual and official capacity.

20.   Defendant **LIEUTENANT MICHAEL COFONE ("COFONE")** is and was, at all times relevant, a Lieutenant, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of

Defendant **TOWNSHIP OF BLOOMFIELD**, assigned to the Internal Affairs Division. He is sued in his individual and official capacity.

21.    Defendant **CHIEF CHRIS GOUL ("GOUL)**, was, at all times relevant, a Chief, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**. He is sued in his individual and official capacity.

22.    Defendant **CAPTAIN GLEN WIEGAND ("WIEGAND")** is and was, at all times relevant, a Captain, employee, and agent of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**. He is sued in his individual and official capacity.

23.    Defendants **JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS AND SUPERVISORS 21-40, JOHN DOE PROSECUTORS 41-60, JANE DOES 61-80 and XYZ COMPANY/CORPORATION 1-10** is and were, at all times relevant, officers, lieutenants, chiefs, captains, supervisors, directors, officers, principals, partners, employees, boards, board members, representatives or agents of Defendant **BLOOMFIELD POLICE DEPARTMENT**, a municipal agency of Defendant **TOWNSHIP OF BLOOMFIELD**, and any other individual, entity, company, or corporation, whose actual identities are presently unknown, who were acting in the capacity of agents, servants, and employees of Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT**, and any other individual, entity, company, or corporation, whose actual identities are presently unknown, who were acting within the scope of their employment and whose actions assisted and/or contributed

to the unlawful, unconstitutional and tortious conduct that result in **MR. JETER'S** injuries and damages. They are sued in their individual and official capacities.

24. Defendants **TRINIDAD, COURTER, SUTTERLIN, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60,** were at all times relevant, on duty with Defendant **BLOOMFIELD POLICE DEPARTMENT,** on June 7, 2012.

25. At all times relevant herein, Defendants **TRINIDAD, COURTER, SUTTERLIN, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60,** were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT** in engaging in the conduct described herein.

26. At all times relevant herein, the individual Defendants acted for and on behalf of Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT** with the power and authority vested in them as officers, agents and employees of Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT** and incident to the pursuit of their duties as officers, employees and agents of Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT.**

## FACTUAL ALLEGATIONS

27. On June 7, 2012, **MR. JETER** and his girlfriend Tanisha

Killian got into a heated argument during which Ms. Jillian requested Plaintiff leave their residence. Ms. Jillian's younger sister placed a call to Defendant **BLOOMFIELD POLICE DEPARTMENT**.

28.   **MR. JETER** exited his residence through the back door.

29.   **MR. JETER** entered his green 1996 Ford Explorer and proceeded down the driveway. As he came down the driveway, he noticed two officers, Defendants **COURTER** and **SUTTERLIN** standing at the front steps speaking to Ms. Killian.

30.   Upon information and belief, Defendant **COURTER** motioned for **MR. JETER** to stop. **MR. JETER** came to a complete stop and rolled his driver's side window down.

31.   After inquiring if **MR. JETER** was okay, to which **MR. JETER** responded yes, Defendant **COURTER** inquired about a noise coming from the vehicle. **MR. JETER** explained his tire was going flat and he was leaving to fix it.

32.   Defendant **COURTER** turned away toward the doorstep where Ms. Killian was standing. **MR. JETER** asked if it was "okay" to leave to which Defendant **COURTER** responded "okay."

33.   **MR. JETER** proceeded out the driveway and made a left turn onto West Passaic Avenue. He then made a right onto Broad Street then drove through the McDonald's entrance and entered the Garden State Parkway south.

34.   As he drove south, **MR. JETER** noticed flashing lights and observed two police cruisers behind his vehicle. Believing he was being pulled over, **MR. JETER** pulled over to the shoulder of the

parkway, placed his car in park, turned off the ignition, rolled the two front windows down and waited for the officers to approach his vehicle. In the process of pulling over, MR. JETER'S tire went completely flat.

35.   Defendants COURTER and SUTTERLIN exited their vehicle and ran toward MR. JETER'S vehicle with guns drawn.

36.   Defendant COURTER approached the driver's side of MR. JETER'S vehicle with his handgun pointed at MR. JETER.

37.   Defendant SUTTERLIN approached the passenger side of MR. JETER'S vehicle with a shotgun pointed at MR. JETER.

38.   Caught by surprise and fearing he was going to be shot, MR. JETER immediately threw his hands in the air, dropping his phone on the center console in the process.

39.   Defendants COURTER and SUTTERLIN, in a loud and aggressive manner yelled at Plaintiff to "get the fuck out the car now." "Get out of the fucking car."

40.   Terrified for his life, MR. JETER repeatedly stated he had done nothing wrong and repeatedly begged the officers "not to shoot."

41.   MR. JETER then observed another police cruiser, operated by Defendant TRINIDAD, traveling on the northbound side of the Garden State Parkway.

42.   Without warning, provocation or justification, Defendant TRINIDAD crossed the median between the north and south bound lanes, swerved into oncoming traffic, and, at a high rate of speed,

violently slammed into the front of Plaintiff's vehicle, injuring Plaintiff and causing Plaintiff's head to strike the steering wheel.

43.   Defendant COURTER busted the driver's side window of Plaintiff's vehicle shattering glass all over MR. JETER face and arms.

44.   MR. JETER sat dazed, confused and in shock while Defendant COURTER unlocked and opened the driver's side door. Without provocation or justification, Defendant COURTER reached in and punched MR. JETER on the left side of his face busting MR. JETER'S lip and causing him to become dizzy.

45.   Defendant COURTER reached over to unlock MR. JETER'S seatbelt and in the process used his elbow to continuously strike MR. JETER in his jaw while MR. JETER cried for help and ask "why are you hitting me"?  Defendant COURTER told him to "shut the fuck up" as he continued to strike him with his elbow.

46.   As Defendant COURTER continued to strike MR. JETER and, amidst his cries for help, he looked up and observed that Defendant SUTTERLIN was still standing outside, watching with his shotgun pointed at Plaintiff.

47.   The Defendant Officers targeted, followed and assaulted MR. JETER in part based on racial animus and racial profiling.

48.   MR. JETER committed no crime.

49.   MR. JETER was an unarmed and innocent person.

50.   MR. JETER presented no threat and posed no danger to

Defendants or the public.

51.   MR.   JETER   did   not   engage   in   any   action that justified the unlawful stop and excessive use of any force by Defendants COURTER, SUTTERLIN OR TRINIDAD.

52.   MR. JETER was traumatized, terrified, feared for his life, and thought he was going to die.

53.   Defendant COURTER drew his firearm without provocation or cause.

54.   Defendant SUTTERLIN drew his weapon without provocation or cause.

55.   Defendant COURTER, SUTTERLIN and TRINIDAD continued to strike MR. JETER without warning, provocation or cause.

56.   Defendant TRINIDAD struck MR. JETER'S vehicle with his patrol car without warning, provocation or cause.

57.   Defendants LOPEZ and ICOLARI were secondary officers who were present at the scene and who conspired with Defendants COURTER,   SUTTERLIN   and   TRINIDAD   to   violate   MR.   JETER'S constitutional rights. These officers had a duty to intervene but failed to prevent the unwarranted and illegal arrest and use of excessive force on MR. JETER.

58.   While clearly not resisting arrest and obeying the officers commands, MR. JETER was struck multiple times all over his body, including but not limited to his head, face and back and sustained multiple injuries which required medical attention.

59.   Before the physical assault on MR. JETER, Defendants

COURTER, SUTTERLIN and TRINIDAD failed to give proper commands or any warning that they were ready to use excessive force.

60. The unlawful stopping, assault and arrest of MR. JETER was without provocation, legal authority or justification.

61. The unlawful stopping, assault, arrest and malicious prosecution of MR. JETER and resulting coverup by Defendants COURTER, TRINIDAD, SUTTERLIN, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, JANE DOES 40-60, TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT, caused severe, disabling, and permanent physical injuries which required the care and treatment of physicians, hospitalization and medication, have and will in the future require medical treatment, and have and will in the future cause him to refrain from his daily activities and normal pursuits.

62. The unlawful stopping, assault, arrest, and malicious prosecution by Defendants COURTER, TRINIDAD, SUTTERLIN, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, JANE DOES 40-60, TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT caused MR. JETER to suffer severe and permanent psychological and emotional distress, mental anguish, degradation and public humiliation.

63. The unlawful arrest, assault and malicious prosecution of MR. JETER by Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI,

LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, JANE DOES 40-60, TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT caused MR. JETER to suffer economic damages and resulted in MR. JETER having to hire a lawyer to defend himself against the false charges

64.  Plaintiff MARCUS JETER was deprived of his liberty.

65.  After physically assaulting and injuring MR. JETER, Defendants COURTER, SUTTERLIN and TRINIDAD, failed to perform first aid on Plaintiff.

66.  After the physical assault that injured MR. JETER, Defendants refused to provide medical care or take reasonable steps to ensure prompt medical attention for MR. JETER.

67.  Instead of being rendered medical aid, MR. JETER, an innocent person, was handcuffed and unlawfully arrested without justification or probable cause.

68.  Instead of providing prompt first aid to MR. JETER and/or seek emergency medical assistance for him, Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, along with members of Defendant BLOOMFIELD POLICE DEPARTMENT (whose identities are currently unknown), engaged in a massive conspiracy to cover up the misconduct of Defendants COURTER, SUTTERLIN and TRINIDAD.

69.  MR. JETER was eventually transported to Clara Maas Medical Center under arrest more than 14 hours after he was unlawfully arrested and assaulted by Defendants COURTER, SUTTERLIN

Page 15 of  44

and TRINIDAD.

70. Despite knowing of the existence of the second dash-cam video completely exonerating MR. JETER, Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60, unlawfully withheld the existence of the videotaped from Prosecutors and MR. JETER'S criminal counsel and continued to maliciously prosecute MR. JETER.

71. Despite knowing of the existence of the second dash-cam video Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60, conspired to conceal the true nature of the incident by unlawfully creating false reports of the incident and withholding the existence of the videotape from Prosecutors and MR. JETER'S criminal defense counsel.

72. Despite knowing of the existence of the second dash-cam video which completely exonerated and which clearly showed official misconduct by Defendants COURTER, SUTTERLIN, and TRINIDAD, an Internal Affairs investigation into the incident conducted by Defendants SERCHIO, COFONE and BLOOMFIELD POLICE DEPARTMENT Internal Affairs department found no wrong doing by Defendants COURTER, SUTTERLIN and TRINIDAD. Upon information and belief, these officers were suspended without pay.

73. On April 5, 2013, all charges were dismissed against **MR. JETER** by the Essex County Prosecutor once the second dash-cam video was provided to Prosecutors. The Prosecutor found the footage from the dash-cam contradicted the officers version of events and completely exonerated **MR. JETER.**

74. Upon information and belief, Defendants **COURTER, SUTTERLIN** and **TRINIDAD** were charged with official misconduct, tampering with public records, false documents and false swearing by the Essex County Prosecutor.

75. Upon information and belief, Defendant **SUTTERLIN** pled guilty to tampering and was allowed to retire with his full pension and benefits.

76. Upon information and belief, Defendants **COURTER** and **TRINIDAD** were indicted by an Essex County Grand Jury on charges of conspiracy and official misconduct. Defendant **TRINIDAD** was also indicted on assault charges.

### FIRST COUNT
### PATTERN AND PRACTICE ALLEGATIONS
### (Municipal and Governmental Liability)

77. Members of Defendant **BLOOMFIELD POLICE DEPARTMENT** and Police Officers employed by Defendant **TOWNSHIP OF BLOOMFIELD,** have a documented history of aggressive police practices, including falsifying reports, sham Internal Affairs investigations, engaging in coverups, unlawful arrests, malicious prosecution, and use of excessive force against the public and minorities.

78. Prior to and after the unprovoked use of excessive force

against MR. JETER on June 7, 2012, there were other incidents of unjustified use of force, false arrest, coverups, and malicious prosecution by Police Officers employed by Defendants **BLOOMFIELD POLICE DEPARTMENT** and the **TOWNSHIP OF BLOOMFIELD**.

79. Specifically, a few days after the incident involving **MR. JETER**, Byszheir Jones and his best friend Travis Miller, African-American males, were arrested and charged by Bloomfield Police Officers, including Defendant **TRINIDAD**, with armed robbery, assault, conspiracy to commit robbery, theft and possession of a weapon. Both faced 17-35 years in prison if found guilty. Several alibi witnesses swore the men had been at a pool party at the time of the incident. The charges were later mysteriously dismissed by the Essex County Prosecutor's Office.

80. On October 2, 2010, Plainfield Police Officer Martesse Gilliam, an African-American male, was assaulted, beaten and arrested by several Bloomfield Police Officers in the parking lot of a Bloomfield night spot. He was later acquitted by an Essex County Grand Jury of aggravated assault on the officers and resisting arrest.

81. Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT**, through its internal affairs department and its police officers, has engaged in past practices and policy of exhibiting deliberate indifference to complaints of violations of constitutional rights by citizens such as **MR. JETER**, against police officers who were employed by or act as agents of Defendants

TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT. Defendants' scandal plagued internal affairs department is a complete sham, and, as such, creates an environment wherein officers believe they can act unlawfully without any repercussions or discipline. Such past policy and practice are directly liked to the violation of the constitutional rights of MR. JETER because such past policy and practice encourage violations by police officers such as the individually named Defendants.

82. Defendants, collectively and individually, while acting under the color of law, engaged in conduct that constituted a custom, policy, usage, practice, procedure or rule of Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT, which is forbidden by the New Jersey State Constitution.

83. The aforementioned customs, policies, usages, practices, procedures and rules of Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT and its police officers included the assault, battering, false arrest and malicious prosecution of MR. JETER and other innocent citizens, conspiracy to deprive MR. JETER of his civil rights, creation of false reports, withholding of evidence and cover up.

84. Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT engaged in a policy, custom and practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of MR. JETER'S rights described herein.

85.  As a result of Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT** failure to properly screen, hire, retain, train, supervise, and discipline their employees, Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT** explicitly and implicitly authorized, ratified and condoned Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60** illegal conduct, and has been deliberately indifferent to the acts and conduct complained of herein.

86.  The foregoing customs, policies, usages, practices, procedures and rules constitute deliberate indifference to the safety, well-being and State constitutional rights of **MR. JETER** and was the direct and proximate cause and the moving force of the constitutional violations suffered by **MR. JETER.**

87.  Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT**, by and through its employees, including the Defendants named above, provided grossly deficient training and supervision to its Police Officers, including the individual named Defendants, concerning for example, the use of excessive force, false arrest and malicious prosecution, despite actual and/or constructive notice that officers were improperly trained and violating minimally accepted police practices.

88.  Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT**, failed to investigate misconduct on the part of their

Police Officers, prior to and including in this case.

89. Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT** were negligent and/or reckless in their hiring and retention of Police Officers, including the individual named Defendants.

90. On August 31, 2012, a written Notice of Claim was served, via hand-delivery, upon Defendants **TOWNSHIP OF BLOOMFIELD** and the **BLOOMFIELD POLICE DEPARTMENT**.

91. At least six months have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

92. All the acts and omissions committed by Defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

93. All the acts and omissions committed by Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60**, described herein for which liability is claimed were conducted in their individual and official capacities.

### SECOND COUNT
**(42 U.S.C. § 1983 Unreasonable and Excessive Force)**

94. Plaintiff **MARCUS JETER**, repeats and re-alleges the foregoing paragraphs of the Complaint as if same were fully set

forth at length herein.

95. Defendants **COURTER**, **SUTTERLIN** and **TRINIDAD'S** careless, negligent, reckless and intentional acts of assaulting **MR. JETER** and the use of unreasonable and excessive force against him without justification or provocation, showed deliberate indifference for the life and safety of Plaintiff **MARCUS JETER**.

96. Defendants **LOPEZ** and **ICOLARI'S** negligent, careless, reckless and intentional act of conspiring with Defendants **COURTER**, **SUTTERLIN** and **TRINIDAD** to use excessive force and/or their failure to intervene and prevent the unlawful arrest and use of excessive force, showed deliberate indifference for the life and safety of Plaintiff **MARCUS JETER**.

97. By their conduct, Defendants **COURTER**, **SUTTERLIN**, **TRINIDAD**, **LOPEZ** and **ICOLARI** deprived **MR. JETER** of his right to be free from excessive and unreasonable force under the Fourth and Fourteenth Amendment of the United States Constitution.

98. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

**THIRD COUNT**
(42 U.S.C. § 1983 False Arrest/Imprisonment)

99. Plaintiff **MARCUS JETER**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

100. Defendants **COURTER**, **SUTTERLIN**, **TRINIDAD**, **ICOLARI**, **LOPEZ**,

SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60 acted recklessly and/or intentionally by falsely arresting and imprisoning MR. JETER, who was innocent of any wrongdoing, and preventing him from receiving prompt medical attention.

101. By their conduct, Defendants, under color of state law, deprived MR. JETER of his right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

102. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff MARCUS JETER sustained the damages hereinbefore alleged.

<u>FOURTH COUNT</u>
(42 U.S.C. § 1983 Deliberate Indifference to Medical Needs)

103. Plaintiff MARCUS JETER, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

104. Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60, under color of state law, failed to provide medical assistance and/or interfered in the efforts of others to provide medical assistance to Plaintiff MARCUS JETER, while he was in their custody, with deliberate indifference to Plaintiff's medical needs and in

violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

105. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

### FIFTH COUNT
### (42 U.S.C. § 1981, 1983 Racial Discrimination)

106. Plaintiff **MARCUS JETER,** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

107. By reason of the foregoing, Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60,** violated 42 U.S.C. § 1981, § 1983 and the Fourteenth Amendment of the United States Constitution by depriving Plaintiff of his constitutional rights with racial animus.

108. Because of Plaintiff's race, Defendants **COURTER, SUTTERLIN** and **TRINIDAD,** under color of state law, improperly racially profiled, targeted, approached, assaulted and falsely arrested Plaintiff, violating his constitutional rights in the manner previously alleged.

109. Defendants **COURTER, SUTTERLIN** and **TRINIDAD** conduct was knowingly undertaken with the intent to deny Plaintiff his right to

full and equal protection of the law.

110. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

<u>SIXTH COUNT</u>
(42 U.S.C. § 1983 Conspiracy)

111. Plaintiff **MARCUS JETER**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

112. Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60,** under color of state law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to cover up the true nature of the incident and to injure, oppress, threaten, and intimidate Plaintiff in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the United States Constitution, including the right to be free from the intentional use of unreasonable force; the right to be free from the delay and denial of medical attention; the right to be free from unnecessary and wanton infliction of pain; the right to be free from malicious prosecution, and the right not to be deprived of his liberty without due process of law.

113. Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ,**

SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60 took numerous overt steps in furtherance of such conspiracy, as set forth above.

114. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff MARCUS JETER sustained the damages hereinbefore alleged.

SEVENTH COUNT
(42 U.S.C. § 1985(3) Conspiracy with Racial Animus)

115. Plaintiff MARCUS JETER, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

116. Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60, under color of state law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to cover up the true nature of the incident and to injure, oppress, threaten and intimidate Plaintiff in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the United States Constitution.

117. Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN

DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60, took numerous overt steps in furtherance of such conspiracy, as set forth above.

118. The conduct of Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60 was motivated by racial animus and by their desire to injure, oppress, threaten, and intimidate Plaintiff because of his race.

119. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff MARCUS JETER sustained the damages hereinbefore alleged.

<u>EIGHTH COUNT</u>
(42 U.S.C. § 1983 Supervisor Liability)

120. Plaintiff MARCUS JETER, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

121. Defendants TOWNSHIP OF BLOOMFIELD and the BLOOMFIELD POLICE DEPARTMENT had a duty to properly supervise their employees and failed to do so.

122. Defendants SCHWINDT, GOUL, WIEGRAND, JOHN DOE CHIEFS and SUPERVISORS 21-40 was, at all relevant times, supervisory personnel in the TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT, with oversight responsibility for Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SERCHIO, COFONE, JOHN DOE POLICE OFFICERS

1-20, and others. They were responsible for the training, instruction, supervision, and discipline of the officers who violated MR. JETER'S constitutional rights in the manner described above.

123. Defendants SCHWINDT, GOUL, WIEGRAND, JOHN DOE CHIEFS and SUPERVISORS 21-40, as supervisory personnel in the TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT, owed a duty of care to Plaintiff to prevent the conduct alleged, which foreseeably caused his injuries.

124. These Defendants knew, or in the exercise of due diligence should have known, that the inappropriate, unlawful and tortuous conduct of Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SERCHIO, COFONE, and JOHN DOE POLICE OFFICERS 1-20, against Plaintiff was likely to occur.

125. These Defendants failed to take preventive and remedial measures to guard against the constitutional violations committed by Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SERCHIO, COFONE and JOHN DOE POLICE OFFICERS 1-20. Had they taken appropriate action, Plaintiff would not have been falsely arrested, assaulted, injured and maliciously prosecuted.

126. The failure of these Defendants to train, supervise and discipline Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SERCHIO, COFONE and JOHN DOE POLICE OFFICERS 1-20, amounted to gross negligence, deliberate indifference, or intentional misconduct which directly caused the deprivations suffered by

Plaintiff.

127. Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT, as employer of Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40 and JANE DOES 40-60, is responsible for their wrongdoing under the doctrine of _respondent superior_, and the New Jersey Tort Claims Act, _N.J.S.A._ § 59-2-2, et seq.

128. As a direct and proximate result of Defendants TOWNSHIP OF BLOOMFIELD and the BLOOMFIELD POLICE DEPARTMENT failure to supervise Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60, which resulted in the misconduct and abuse of authority detailed above, Plaintiff MARCUS JETER sustained the damages hereinbefore alleged.

## NINTH COUNT
### (Common Law Assault and Battery)

129. Plaintiff MARCUS JETER, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

130. In assaulting and injuring Plaintiff, Defendants COURTER, SUTTERLIN and TRINIDAD, acting in their individual and official capacity as BLOOMFIELD POLICE OFFICERS and within the scope of their employment, committed an unlawful and unwarranted

assault and battery upon Plaintiff.

131. Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT**, as employer of Defendants **COURTER**, **SUTTERLIN** and **TRINIDAD**, are responsible for their wrongdoing under the doctrine of respondent superior and the New Jersey Tort Claims Act, N.J.S.A. § 59-2-2, et seq.

132. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

<u>TENTH COUNT</u>
(Malicious Prosecution)

133. Plaintiff **MARCUS JETER**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

134. Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS** and **SUPERVISORS 21-40**, and **JANE DOES 40-60** acting in their individual and official capacity as employees of Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMEBT** and, within the scope of their employment, falsely arrested and maliciously prosecuted **MR. JETER**, an innocent person.

135. Defendants **SCHWINDT, GOUL, WIEGAND, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT**, and **JOHN DOE CHIEFS** and **SUPERVISORS 21-40**, are responsible for the officers' wrongdoing

under the doctrine of <u>respondent superior</u> and the New Jersey Tort Claims Act, <u>N.J.S.A.</u> § 59-2-2, et seq.

136. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

<u>ELEVENTH COUNT</u>
(Common Law Negligence - Provision of Medical Care)

137. Plaintiff **MARCUS JETER**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

138. Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60,** acting in their individual and official capacity as **BLOOMFIELD POLICE OFFICERS** and within the scope of their employment, negligently failed to provide prompt and adequate medical care to **MR. JETER** after he was illegally arrested, beaten and injured.

139. Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT,** as employer of Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60,** are responsible for their wrongdoing under the doctrine of <u>respondent superior</u> and the New Jersey Tort Claims Act, <u>N.J.S.A.</u> § 59-2-2, et seq.

140. As a direct and proximate result of Defendants'

misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

### TWELFTH COUNT
#### (Common Law False Arrest/Imprisonment)

141. Plaintiff **MARCUS JETER**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

142. Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60,** acting in their individual and official capacity as **BLOOMFIELD POLICE OFFICERS** and within the scope of their employment, wrongfully and without justification or probable cause, falsely arrested, detained, and/or imprisoned **MR. JETER** against his will.

143. Defendants' false arrest and imprisonment of Plaintiff prevented him from seeking and obtaining timely medical attention resulting in pain and suffering.

144. Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT,** as employer of Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60,** are responsible for their wrongdoing under the doctrine of <u>respondent superior</u> and the New Jersey Tort Claims Act, <u>N.J.S.A.</u> § 59-2-2, et seq.

145. As a direct and proximate result of Defendants'

misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

**THIRTEENTH COUNT**
**(New Jersey Law Against Discrimination (LAD),**
**N.J. S. A 10:5-2, et seq.)**

146. Plaintiff **MARCUS JETER**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

147. Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60**, discriminated against Plaintiff on the basis of his race by, among other things, engaging in unlawful racial profiling.

148. Through this conduct, Defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-2, et seq.

149. Defendants **TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT**, as employers of Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS 1-20, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60**, is responsible for their wrongdoing under the doctrine of respondent superior, LAD, and the New Jersey Tort Claims Act, N.J.S.A. 59-2-2, et seq.

150. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **MARCUS**

JETER sustained the damages hereinbefore alleged.

FOURTEENTH COUNT
(Negligent Hiring)

151. Plaintiff MARCUS JETER, repeats and realleges the foreging paragraphs of the Complaint as if same were fully set forth at length herein.

152. Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT were responsible for the recruiting, hiring, training and ongoing supervision of the officers of Defendant BLOOMFIELD POLICE DEPARTMENT.

153. Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT had a duty to properly ascertain their police officers' fitness to become police before they were hired as officers of Defendant BLOOMFIELD POLICE DEPARTMENT.

154. Upon information and belief, Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT failed to properly determine the fitness of Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60 to be hired as police officers of Defendant BLOOMFIELD POLICE DEPARTMENT to ensure they would not violate MR. JETER'S civil rights.

155. As a direct and proximate result of Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT negligent hiring of

Page 34 of 44

Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60, which resulted in the misconduct and abuse of authority detailed above, Plaintiff MARCUS JETER sustained the damages hereinbefore alleged.

**FIFTHEENTH COUNT**
**(Negligent Training)**

156. Plaintiff MARCUS JETER, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

157. Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT were responsible for the recruiting, hiring, training and ongoing supervision of the officers of Defendant BLOOMFIELD POLICE DEPARTMENT.

158. Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT had a duty to properly train the officers of Defendant BLOOMFIELD POLICE DEPARTMENT to ensure they did not violate the constitutional rights of citizens.

159. Upon information and belief, Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT failed to properly train Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60 to ensure

they did not violate the constitutional rights of citizens.

160. As a direct and proximate result of Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT'S** negligent training of the Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS** and **SUPERVISORS 21-40,** and **JANE DOES 40-60,** which resulted in the misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

**SIXTEENTH COUNT**
**(Negligent Retention)**

161. Plaintiff **MARCUS JETER,** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

162. Defendants **TOWNSHIP OF BLOOMFIELD** and **BLOOMFIELD POLICE DEPARTMENT** knew or should have known that Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS** and **SUPERVISORS 21-40,** and **JANE DOES 40-60** were not qualified to act as police officers for Defendant **BLOOMFIELD POLICE DEPARTMENT.**

163. Upon information and belief, Defendants **TOWNSHIP OF BLOOMFIELD** and the **BLOOMFIELD POLICE DEPARTMENT** were aware of other incidents that should have alerted them to the potential unlawful conduct of Defendants **COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ,**

Page 36 of  44

SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60.

164. Upon information and belief, Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT failed to take reasonable steps to ensure that Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60 would act appropriately.

165. Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT had a duty to take reasonable and appropriate steps to ensure that Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60 would not act unlawfully.

166. As a direct and proximate result of Defendants TOWNSHIP OF BLOOMFIELD and BLOOMFIELD POLICE DEPARTMENT'S failure to take the appropriate steps to ensure Defendants COURTER, SUTTERLIN, TRINIDAD, ICOLARI, LOPEZ, SCHWINDT, SERCHIO, COFONE, GOUL, WIEGAND, JOHN DOE POLICE OFFICERS 1-20, TOWNSHIP OF BLOOMFIELD, BLOOMFIELD POLICE DEPARTMENT, JOHN DOE CHIEFS and SUPERVISORS 21-40, and JANE DOES 40-60 would not act unlawfully,

which resulted in the misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

<u>**SEVENTEENTH COUNT**</u>
(Violation of the New Jersey Civil Rights Act
- <u>N.J.S.A.</u> 10:6-1 to 2)

167. Plaintiff    **MARCUS    JETER,**    repeats   and    realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

168. Defendants,    under    color    of    statute,    ordinance, reputation, custom and usage have deprived and cause **MR. JETER** to be   subjected   to   the   deprivations   of   rights,   privileges   and immunities secured by the New Jersey Constitution and law of the State of New Jersey, including his right to liberty, his right to be secure as a person against unreasonable searches and seizures, his right to be secure in his property against unreasonable searches and seizures, his right to be free from unlawful detention and imprisonment and his right to freedom of association secured to him by the New Jersey State Constitution.

169. At no time did Defendants have probable cause or any ground to believe **MR. JETER** had committed a crime.

170. Defendants, acting under color of law, intentionally deprived **MR. JETER** of his civil rights by, inter alia, seizing him, falsely   arresting   and   imprisoning   him,   using   excessive   force against him, failing to intervene to prevent the unlawful acts against   him,   failing   to   render   timely   medical   aid   to   him,

maliciously prosecuting him and failing to properly hire, train, retain and supervise police officers.

171. Defendants **TOWNSHIP OF BLOOMFIELD** and the **BLOOMFIELD POLICE DEPARTMENT** are vicariously liable for the actions of its employees who are acting in their official capacities.

172. Defendants' acts were done in knowing violation of **MR. JETER'S** legal and constitutional rights and have caused **MR. JETER'S** injuries, including physical injury, humiliation, mental pain and suffering and emotional distress.

173. Defendants' deprivation of **MR. JETER'S** civil rights violates the New Jersey Constitution and gives rise to **MR. JETER'S** claims for redress under <u>N.J.S.A.</u> 10:6-1 et seq.

174. Defendants **TOWNSHIP OF BLOOMFIELD** and the **BLOOMFIELD POLICE DEPARTMENT** are directly and vicariously liable for the acts of its Police Officers in the performance of their duties under the color of state, county and municipal law.

175. Based on the aforesaid conduct, Defendants, acting under color of law, deprived and interfered with by the use of excessive force, intimidation or coercion, the exercise or enjoyment by Plaintiff **MARCUS JETER** of the rights guaranteed to him by the New Jersey Constitution including, but not limited to:

    a)    The right to enjoy and defend life and liberty;

    b)    The right to pursue and obtain safety and happiness;

    c)    The right to due process of law;

    d)    The right to equal protection of the laws;

e)   The right to be secure from unreasonable searches and seizures;

f)   The right to any other natural and unalienable right retained by the people;

g)   The right to privacy; and

h)   The right to be free of cruel and unjust punishment.

176. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **MARCUS JETER** sustained the damages hereinbefore alleged.

## EIGHTEENTH COUNT
### Negligent and Intentional Infliction of Emotional Distress

177. Plaintiff **MARCUS JETER**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

178. Defendants acted intentionally or recklessly with deliberate disregard of a high degree of probability that emotional distress will follow. Defendants' conduct was extreme and so outrageous in character and degree as to go beyond all possible bounds of decency. Defendants' conduct was so atrocious, it is utterly intolerable in a civilized community.

179. As a direct and proximate result of Defendants' actions, Plaintiff **MARCUS JETER** has suffered and continues to suffer such severe and substantial emotional distress and mental harm which no reasonable person could be expected to endure.

## NINETEENTH COUNT
### (Negligence - Defendant Trinidad)

180. Plaintiff **MARCUS JETER**, repeats and realleges the

Page 40 of 44

foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

181. At the same time and place, Defendant **TRINIDAD**, was the operator of the vehicle owned by Defendant **TOWNSHIP OF BLOOMFIELD** and/or **BLOOMFIELD POLICE DEPARTMENT**.

183. Defendants **TOWNSHIP OF BLOOMFIELD** and/or **BLOOMFIELD POLICE DEPARTMENT** was negligent and careless in entrusting their vehicle to Defendant **TRINIDAD** to be operated in a negligent, careless and reckless manner.

184. Defendant **TRINIDAD**, operated, controlled, and maintained his vehicle in such a reckless, careless and negligent manner as to cause a collision in which Plaintiff was injured.

185. The accident in question occurred as a direct, proximate result of the careless, reckless and negligent conduct of Defendant **TRINIDAD**.

186. Defendant **TRINIDAD** operated said vehicle on said occasion in violation of the motor vehicle laws of the State of New Jersey.

187. As a direct and proximate result of the negligence of the Defendant **TRINIDAD**, Plaintiff, **MARCUS JETER**, suffered and sustained serious, severe, disabling and permanent injuries which required the care and treatment of physicians, hospitalization and medication, have and will in the future be caused to obtain medical treatment, and have will in the future be caused to refrain from his daily activities and normal pursuits.

**WHEREFORE**, Plaintiff, **MARCUS JETER**, demands judgment against

all Defendants, jointly and severally for:

    A.    General damages;

        B.    Compensatory damages;

        C.    Punitive Damages;

        D.    Cost and interest;

        E.    Attorneys' fees;

        F.    Pre-judgment and post-judgment interest against all Defendants;

        F.    Any other relief the Court deems just and equitable.

### TWENTIETH COUNT

188. Plaintiff, **MARCUS JETERS**, repeats the allegations contained in the First, and Second Counts as though more fully set forth at length.

189. At the time of the accident, **MR. JETER**, was the driver of a vehicle owned by Tanisha Killian, which maintained automobile insurance with Defendant **PROGRESSIVE INSURANCE COMPANY**, under policy number 66426520-3, which provided for payment of Personal Injury Protection ("PIP") Benefits as well as payment for lost wages.

190. Demand has been made of Defendant **PROGRESSIVE INSURANCE COMPANY** for payment of Plaintiff's continuing medical expenses and lost wages.

191. In direct breach of its contractual obligations, Defendant **PROGRESSIVE INSURANCE COMPANY** has failed to provide PIP coverage to Plaintiff and has failed to pay Plaintiff's continuing medical bills and lost wages.

WHEREFORE, Plaintiff **MARCUS JETER** demands judgment against Defendant **PROGRESSIVE INSURANCE COMPANY** for Personal Injury Protection ("PIP") benefits and reimbursement of his lost wages plus cost of suit and attorney's fees.

### NOTICE PURSUANT TO RULES 1:5-1 (A) AND 4:17

Take notice that the undersigned attorneys, counsel for the Plaintiff, hereby demands pursuant to Rules 1:5-1 (a) and 4:17 (c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serves copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other materials referred to therein, upon the undersigned attorney, and take notice that this is a continuing demand.

### REQUEST FOR DISCOVERY OF INSURANCE

Demand is hereby made that each Defendants respond to the Request for Discovery of Insurance attached herein.

### DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that attorneys Maurice Snipes, Esquire and Tracey C. Hinson, Esquire, are hereby designated as trial counsel in the above-captioned litigation for the firm of Hinson Snipes, LLP.

### JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiff demands a trial by jury as to all issues so triable.

<u>NOTICE OF UTILIZATION OF TIME-UNIT BASIS</u>

PLEASE TAKE NOTICE Plaintiff intends to utilize the time-unit basis for calculating unliquidated damages in Plaintiff's closing statement to the jury and the Court.

*HINSON SNIPES, LLP*

Attorneys for Plaintiff

By: _____
Tracey C. Hinson, Esquire

Dated: June 24, 2014